**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JAVON DUSTIN MARSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:25-cv-01739-SPM |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Javon Dustin Marsh's Application to Proceed in District Court Without Prepaying Fees and Costs. Based on Plaintiff's financial information, the Court grants his application and assesses an initial partial filing fee of $11.30.  Additionally, for the following reasons, the Court dismisses without prejudice Plaintiff's claims against Defendants the Missouri Department of Corrections, Richard Adams, Tim Freeman, Centurion, Derek Weston, and Heather Cofer.  *See* 28 U.S.C. § 1915(e)(2).  The Court issues process on the complaint as to Defendants Jacob Smith, Kevin Dahmm, and Chasity D. Grayson in their individual capacities.

### Initial Partial Filing Fee

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1).  If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a certified account statement for the period April 1, 2025 to October 26, 2025. Based on this information, the Court finds that Plaintiff has an average monthly deposit of $56.50. The Court will assess an initial partial filing fee of $11.30, which is 20 percent of Plaintiff's average monthly deposit.

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Serv. LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

-3-

**The Complaint**

Plaintiff brings this civil rights action under 42 U.S.C. § 1983, alleging Defendants used excessive force when they assaulted him while his hands were cuffed behind his back.  He names as Defendants the Missouri Department of Corrections; Jacob Smith (CO, Eastern Reception, Diagnostic and Correctional Center (ERDCC)); Kevin Dahmm (CO, ERDCC); Derek Weston (CO, ERDCC); Richard Adams (Superintendent, ERDCC); Tim Freeman (Assistant Superintendent, ERDCC); Heather Cofer (Deputy Warden, ERDCC); Centurion; and Chasity D. Grayson (RN, Centurion).  Plaintiff sues Defendants in their individual and official capacities. *See* Doc. 1 at 17.

Plaintiff states that on November 29, 2023, while he was handcuffed behind his back, he was severely beaten by Defendants Jacob Smith and Kevin Dahmm.  He states Defendants "left [him] on security bench to urinate on the floor before [he] was ever offered a cell." *Id.* at 11.  Once he was assigned a cell, the inmate already assigned to that cell refused to cell with Plaintiff.  Plaintiff returned to the security bench.  At this time Defendant Smith was holding Plaintiff by the arm.  Smith then cursed at Plaintiff and grabbed his neck.  Plaintiff fell backward to the floor.  He started to have an asthma attack, and Smith and Dahmm jumped on top of him.  They laid on top of Plaintiff while he suffered breathing problems and could not speak.  Plaintiff "was forcefully help[ed] to his feet and rushed to the other side of [the]

-4-

house and both defendants made the Plaintiff bump into the doorways, upon arrival to C-wing." *Id.* at 12.

Dahmm and Smith took Plaintiff to a suicide cell where the camera was covered. They rammed him into the wall of the cell, removed his clothes, and pressed him up to the wall. "Defendants made terrifying vulgar statements towards the Plaintiff such as don't nobody care for your breathing problem (I'll spray your stupid ass)," and then forcefully pulled his shirt over his head. *Id.* at 13. Smith asked Dahmm to get a suicide smock, which left Plaintiff in the cell alone with Smith. Smith grabbed Plaintiff by the neck and forced him to the ground, punching him in the back of the head and the side of his face. Smith held Plaintiff down until Dahmm returned with the suicide smock.

Defendants left the cell "holding the Plaintiff while backing out the cell and making sure the Plaintiff arms are through the food port." With Plaintiff's arms through the food port, Dahmm then raised Plaintiff's arms to the fullest extent, causing severe pain in Plaintiff's shoulder. Defendants removed Plaintiff's cuffs and Plaintiff grabbed the food port as he was still having problems breathing and he needed medical attention. Defendant Smith then maced Plaintiff, stating, "[You're] [going to] burn all night." *Id.* at 15.

At some point, Lieutenant Weston came to the cell to talk to Plaintiff. Plaintiff "voiced the trauma and the pain he was going through and the assault that had

happen[ed] from retaliation of some of the C.E.R.T. [Correctional Emergency Response Team] team members." *Id.* at 15.  Lieutenant Weston tried to calm the situation and shut the food port.  Defendant Chasity Grayson came to assess Plaintiff for his pain and his breathing, but "failed to help and denied all help [because] the Plaintiff was on suicide watch and said I can't give you [an] eye wash or nothing [because] you [are] in that cell."  Plaintiff states he was subsequently denied medical attention.

As a result of these incidents, Plaintiff's left shoulder was in pain and he was left in his maced cell all night, despite his breathing problems.  For relief, he seeks $24 million in damages plus punitive damages of $50,000 against each Defendant.

## Discussion

## I.    **Defendant Missouri Department of Corrections**

Plaintiff's claim against the Missouri Department of Corrections must be dismissed for failure to state a claim.  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights."  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Furthermore, an agency exercising state power is also not a person subject to suit under § 1983.  *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir.

1991).  Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages.  *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Because the Missouri Department of Corrections is not a person for purposes of § 1983 and because the suit is also barred by the Eleventh Amendment, the Court dismisses Plaintiff's claim against the Missouri Department of Corrections.

## II.   Medical Defendant—Centurion and Chasity Grayson, RN

### (A)   Centurion

"A corporation acting under color of state law cannot be liable on a respondeat superior theory."  *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007).  Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury."  *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent . . . official policy that inflicts injury actionable under § 1983").

Plaintiff has not alleged any constitutional violation attributable to any policy, custom, or official action of Centurion.  To the contrary, he alleges that "Centurion ha[s] guidelines that [were] not followed and failed to protect the Plaintiff . . . ."

-7-

Doc. 1 at 16. Based on these allegations, his alleged constitutional violations were attributable to individuals acting in contravention of Centurion's policies and customs. Therefore, the Court dismisses Plaintiff's claims against Centurion for failure to state a claim upon which relief may be granted.

(B)    *Chasity Grayson, RN*

Plaintiff alleges Defendant Chasity Grayson came to assess Plaintiff after he was maced and "failed to help and denied all help cause the Plaintiff was on suicide watch and said I can't give you an eye wash or nothing cause you['re] in that cell." Doc. 1 at 16. He states his shoulder was in pain and he was left in his cell, which had not been cleaned of the mace, all night and with asthma problems. *Id.* at 17.

To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). Under this standard, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Liberally construed, Plaintiff has alleged he suffered from a serious medical need after the alleged attack by Defendants Smith and Dahmm.  He alleges he suffered an asthma attack and struggled to breathe, especially after officers maced him.  He alleges Defendants Smith and Dahmm pushed his arms up while they were in the food port, causing increased pain in his previously injured shoulder.  His allegations establish Defendant Grayson was aware of his serious medical needs, and acted with deliberate indifference toward these needs.  The Court will order service of process on Defendant Grayson.

### III.   Defendants Richard Adams, Tim Freeman, and Heather Cofer

Plaintiff alleges Defendant Richard Adams, Heather Cofer, and Tim Freeman were "aware of their staff in the past and the present harming residents . . . and allowed it to happen several times." Doc. 1 at 17.  Later in his complaint, he alleges "Defendants . . . Adams, Freeman, Cofer, Grayson . . . knew or should have known by the numerous previous prisoner complaints against Defendant Smith that their failure to react and take disciplinary actions against Defendant Smith . . . would violate Plaintiff's constitutional rights." *Id.* at 21.  He alleges these officers violated his constitutional rights by failing to protect him against the violence of ERDCC staff.

Although civil rights pleadings should be construed liberally, the complaint must contain facts that state a claim and must not be conclusory.  *Frey v. City of*

-9-

*Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).  Like the complaint in *Ashcroft v. Iqbal*, which alleged that supervisory officials "knew of, condoned, and willfully and maliciously agreed to" subject the plaintiff to harsh conditions for an illegitimate reason, here Plaintiff's conclusory allegations against Defendants Adams, Freeman, and Cofer are not entitled to the presumption of truth.  *Iqbal*, 129 S. Ct. at 1951.

Plaintiff has not stated any factual information that would support his conclusion that these Defendants knew or should have known that Defendant Smith would violate Plaintiff's constitutional rights.  "To prevail on a failure-to-protect claim, an inmate must make two showings:  (1) an objective component, that there was a substantial risk of harm to the inmate, and (2) a subjective component, that the prison official was deliberately indifferent to that risk.  Deliberate indifference in this context means that prison officials subjectively knew of and disregarded [the inmate's] safety risk."  *Axelson v. Watson*, 999 F.2d 541, 546 (8th Cir. 2021) (internal citations and quotations omitted).  Plaintiff does not allege any facts to support his assertion that there had been prior inmate complaints against Defendant Smith.  He does not allege which inmates complained about Smith or the substance of any of these complaints.  He does not even allege that Defendant Smith had been the subject of any prior excessive force incidents.  *See Wilson v. City of N. Little Rock*, 801 F.2d 316, 323 (8th Cir. 1986).  He cites to no prior lawsuits against

Defendant Smith.  Nor does he plead adequately that these supervisory Defendants acted with the impermissible purpose required by *Iqbal*.

Plaintiff's conclusory allegations against Defendants Adams, Freeman, and Cofer are insufficient to state a claim that is plausible on its face.  For these reasons, the Court will dismiss these Defendants for failure to state a claim upon which relief may be granted.

## IV.    Defendant Lieutenant Derek Weston

Plaintiff alleges Lieutenant Derek Weston was a "Correctional Program Spec" at ERDCC.  Doc. 1 at 8.  He states that after Defendant Smith maced him, Defendant Weston "came to the cell to talk about what had happened, the plaintiff voiced the trauma and the pain he was going through and the assault that had happen[ed]."  Doc. 1 at 15.  Also, "Lt. Weston was trying to persuade this situation, to get the food port shut by any means necessary"  Doc. 1 at 16.  These allegations do not establish Defendant Weston had any involvement in the alleged constitutional violations.  Nor do they establish Defendant Weston violated any constitutional rights of Plaintiff.  For these reasons, the Court will dismiss Plaintiff's claims against Defendant Weston for failure to state a claim upon which relief may be granted.

## V.     Defendants Jacob Smith and Kevin Dahmm

### (A)    Individual Capacity Claims

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Plaintiff alleges Defendants Smith and Dahmm beat him while his hands were cuffed behind his back and he was not resisting. He alleges they continued to beat him after his cell transfer and while he was in a suicide cell. Doc. 1 at 11-15. Based on these factual allegations, the Court finds Plaintiff has stated a plausible claim against Defendants Smith and Dahmm for excessive force in violation of the Eighth Amendment. The Court orders service of the compliant on these officers in their individual capacities.

*(B)    Official Capacity Claims*

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

As discussed above, Plaintiff fails to state a claim against MDOC, and therefore his claims against Defendants Smith and Dahmm brought in their official capacities will be dismissed for failure to state a claim upon which relief may be granted. *See supra* at § I.

**Motion for Appointment of Counsel**

Finally, Plaintiff has filed a motion to appoint counsel.  The motion will be denied at this time.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).

-13-

When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

**Conclusion**

For these reasons, the Court will dismiss Plaintiff's claims against Defendants the Missouri Department of Corrections, Richard Adams, Tim Freeman, Derek Weston, Centurion, and Heather Cofer for failure to state a claim upon which relief may be granted. The Court will issue service on Defendants Jacob Smith, Kevin Dahmm, and Chasity D. Grayson in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [Doc. 3]

-14-

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $11.30 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants the Missouri Department of Corrections, Richard Adams, Tim Freeman, Derek Weston, Centurion, and Heather Cofer are **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Jacob Smith, Kevin Dahmm, and Chasity D. Grayson in their official capacities are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process upon the complaint, pursuant to the service agreement the Court maintains with Centurion, as to Defendant Chasity D. Grayson in her individual capacity.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, pursuant to the service agreement the Court maintains with the Missouri Attorney

General's Office, as to Defendants Jacob Smith and Kevin Dahmm in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED without prejudice**.  [Doc. 2]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this  5th day of  June, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE